UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TJ CREATIVE, INC. )<br>(d/b/a SPORTSHEETS INTERNATIONAL, INC.) )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>)<br>LUXURIOUS BLISS, A CANADA COMPANY, )<br>AND JEAN PAUL, AN INDIVIDUAL, )<br>)<br>)<br>      Defendants. ) | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

    TJ Creative, Inc. d/b/a Sportsheets International, Inc., for its Complaint against defendants Luxurious Bliss and Paul Jean alleges as follows:

**THE PARTIES**

    1.    TJ Creative, Inc. ("Sportsheets") is a California corporation that maintains its principal place of business at 7436 Lorge Circle, Huntington Beach, California 92647.

    2.    Defendant Luxurious Bliss is, on information and belief, a company organized under the laws of Canada that maintains a place of business at 7 Chemin Reddington, Otter Lake, QC J0X2PO, Canada.

    3.    Defendant Paul Jean is, on information and belief, a resident of Canada having an address of 7 Chemin Reddington, Otter Lake, QC J0X2PO, Canada, and is the owner, founder, and controller of Luxurious Bliss. On information and belief, Paul Jean directs, actively

participates in, controls, and benefits from the business of Luxurious Bliss.

## JURISDICTION AND VENUE

4. This is an action seeking remedies for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114(a) and § 1125(a); for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7; and for trademark infringement and unfair competition under Illinois common law.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this judicial district under 28 U.S.C. §1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities towards consumers in Illinois and cause harm to Sportsheets' business within this Judicial District. Defendants have targeted sales from Illinois residents by operating a fully interactive and commercial website that offers to sell and on information and belief has sold infringing products to residents of Illinois at LuxuriousBliss.com. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Sportsheets substantial injury in the State of Illinois.

## NATURE OF THE CASE

7. Sportsheets brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its UNDER THE BED trademark and

brand. Sportsheets has used its UNDER THE BED trademark since at least as early as March 31, 2005 in connection with its well-known adult novelty products. Sportsheets has extensively used its UNDER THE BED trademark and brand throughout the United States.

8. As set forth in greater detail below, without Sportsheets' authorization or consent and with full knowledge and willful disregard of Sportsheets' prior common law and federally-registered rights in its UNDER THE BED trademark, Defendants are and have been using the confusingly similar mark UNDER THE BED RESTRAINTS in connection with Defendants' identical adult novelty product. Defendants, therefore, have created circumstances whereby members of the public and trade are likely to be led to believe incorrectly that Defendants and their product are authorized by, sponsored by, or affiliated with Sportsheets and its well-known UNDER THE BED mark and adult novelty products.

## COMMON ALLEGATIONS

### (Plaintiff's Business and UNDER THE BED Trademark)

9. Sportsheets is a leader in the design, development, and branding of a wide variety of products in the adult novelty items and adult products industry.

10. Prior to the actions of Defendants alleged herein, Sportsheets adopted and has since continuously used the UNDER THE BED trademark in connection with its adult novelty products. To protect its mark, Sportsheets has obtained a federal trademark registration for the UNDER THE BED RESTRAINT SYSTEM trademark (with "RESTRAINT SYSTEM" disclaimed) for use with "sexual aids for enhancement of sexual pleasure and performance, namely, fabric wrist-cuffs and fabric ankle cuffs with small metal attachments, and fabric anchors with small metal attachments, all for use alone or in combination with other devices for sexual positioning and role playing" in International Class 18 (hereinafter the "UNDER THE

BED" trademark). See Registration No. 4,669,665. A copy of the Trademark Office record of this registration is attached hereto as <u>Exhibit A</u>.

11. Sportsheets distributes and sells products throughout the United States and the world under its UNDER THE BED trademark and brand, which is and has been one of Sportsheets' most important trademarks and brands for many years. Sportsheets' UNDER THE BED trademark is a double entendre: it connotes that users can do something playful "under the bed" while also connoting that, when finished using the product, users can quickly and easily stow the product "under the bed." These playful connotations make UNDER THE BED suggestive of Sportsheets' product. The UNDER THE BED trademark is distinctive, has acquired secondary meaning, and denotes Sportsheets as the origin of the goods sold under that trademark. Customers associate the UNDER THE BED trademark with Sportsheets.

12. Among other means of promotion, Sportsheets' promotes its UNDER THE BED-branded adult novelty products on its website at <www.sportsheets.com>, which is accessible worldwide, in trade magazines, at industry conventions and through retail outlets throughout the United States. An image of Sportsheets' UNDER THE BED-branded product is shown below:



4

13. For many years, and prior to Defendants' unauthorized adoption and use of their confusingly similar mark, Sportsheets has devoted significant time, effort and resources to marketing and promoting adult novelty products under and in connection with its UNDER THE BED trademark, establishing both common law rights as well as rights under the Lanham Act. The UNDER THE BED trademark acquired distinctiveness well before the Defendants' unauthorized use of their confusingly similar mark.

14. As a result of Sportsheets' use and extensive promotion of its UNDER THE BED trademark in connection with adult novelty products, the UNDER THE BED trademark has become well-known and recognized by the relevant and consuming public as identifying and distinguishing Sportsheets' high quality adult novelty products. This consumer goodwill and recognition in the UNDER THE BED trademark constitutes one of Sportsheets' most valuable assets. Accordingly, the integrity of Sportsheets' UNDER THE BED trademark is extremely important to Sportsheets, and crucial to the continued vitality and growth of its business.

**(Defendants' Misappropriation of Sportsheets' UNDER THE BED Trademark)**

15. Like Plaintiff, Defendants make and sell adult novelty products. Defendants promote and sell a wide variety of adult novelty products online through their website at www.LuxuriousBliss.com, as well as on other e-commerce websites such as www.Etsy.com.

16. Around June 2019, and over fourteen years after Sportsheets began using its UNDER THE BED trademark, Sportsheets became aware that Defendants were making and selling a product under the mark UNDER THE BED RESTRAINTS (the "Infringing Mark") in connection with a product identical to that with which Sportsheets uses its UNDER THE BED trademark. Attached hereto as Exhibit B, and reproduced below, is a photo of Defendants'

5

identical product depicting the Infringing Mark UNDER THE BED RESTRAINTS:



17.    When Sportsheets became aware of Defendants' use of the Infringing Mark, Sportsheets provided a cease and desist letter to Defendants demanding that Defendants remove all internet references of the Infringing Mark, collect and destroy all remaining inventory of products bearing such Infringing Mark, and agree to never offer any products bearing the Infringing Mark in the future.

18.    Notwithstanding Sportsheets' demands, Defendant continued to and continues to use and promote its identical adult novelty product under the Infringing Mark. Defendants' UNDER THE BED RESTRAINTS-branded product is currently being offered at least on its website, located at www.LuxuriousBliss.com. A printout of the product listing on Defendants' website is attached hereto as <u>Exhibit C</u>.

19.    Despite Sportsheets' demands that Defendants cease use of the Infringing Mark, Defendants have refused to comply with Sportsheets' demands. Defendants' knowledge of

Sportsheets' prior use of the UNDER THE BED trademark and blatant disregard of Sportsheets' intellectual property rights underscores Defendants' bad faith and intentional misconduct.

20. Accordingly, there is no question that Defendants' ongoing and unauthorized use of the Infringing Mark is intentional and done with actual knowledge of Sportsheets' prior use of the UNDER THE BED trademark and with the intent to trade on and profit from the goodwill associated therewith.

21. Defendants' unauthorized use of the Infringing Mark is likely to confuse members of the public in that it will lead the public to believe incorrectly that Sportsheets is the source of, has endorsed or approved, or is somehow legitimately associated with Defendants or their identical product, thereby injuring the goodwill Sportsheets has built in its UNDER THE BED trademark.

22. In light of Defendants' use of the Infringing Mark in connection with a product identical to that offered by Sportsheets under its common law and federally-registered UNDER THE BED trademark, and in light of Defendants' refusal to accede to Sportsheets' demands to cease use of the Infringing Mark, Sportsheets had no choice but to protect its rights in its valuable UNDER THE BED trademark through this action. All of these facts render this matter an exceptional case.

## COUNT I

**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1)(a))**

23. Plaintiff realleges and incorporates herein paragraphs 1 through 22 of this Complaint.

24. Due to the renown of Sportsheets' UNDER THE BED trademark for adult novelty products, Defendants had actual knowledge of Sportsheets' rights in its UNDER THE

BED trademark prior to Defendants' unauthorized use and continued unauthorized use of the Infringing Mark for an identical adult novelty product.

25. Defendants thus have deliberately and willfully used the Infringing Mark to trade upon the widespread goodwill, reputation, and selling power established by Sportsheets under its UNDER THE BED trademark, and to pass their identical adult novelty product off as that of Sportsheets.

26. Sportsheets has not consented to Defendants' use of the Infringing Mark in connection with the promotion and sale of Defendants' identical adult novelty products.

27. Defendants' unauthorized use of the Infringing Mark in connection with their promotion and sales of an identical adult novelty product is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants or their product with Sportsheets and its federally-registered UNDER THE BED trademark in violation of 15 U.S.C. §1114(1)(a).

28. Defendants' unauthorized conduct has deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its adult novelty products offered in connection with its UNDER THE BED trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendants, over whom Sportsheets has no control.

29. Because Defendants had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED trademark before Defendants began using the Infringing Mark, Defendants are willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

30. As a result of Defendants' conduct, Sportsheets has suffered substantial damage and irreparable harm to its UNDER THE BED trademark, constituting an injury for which Sportsheets has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Sportsheets will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

31. Plaintiff realleges and incorporates herein paragraphs 1 through 30 of this Complaint.

32. Defendants have deliberately and willfully used the Infringing Mark to trade on Sportsheets' hard-earned goodwill in its UNDER THE BED trademark and the reputation and selling power Sportsheets has established in connection with its adult novelty products, as well as to confuse consumers as to the origin and sponsorship of Defendants' identical adult novelty product.

33. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its products marketed under its UNDER THE BED trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendants, over whom Sportsheets has no control.

34. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Sportsheets, and as to the origin, sponsorship, or approval of Defendants and their goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

35. As a result of Defendants' conduct, Sportsheets has suffered substantial damage and irreparable harm constituting an injury for which Sportsheets has no adequate remedy at law.

Sportsheets will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### COUNT III

**VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS §§ 510/1-510/7)**

36. Plaintiff realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

37. Since 2005, Sportsheets has provided adult novelty products throughout the United States and in the State of Illinois under the UNDER THE BED trademark. The UNDER THE BED trademark is distinctive and denotes Sportsheets as the origin of the goods sold under that trademark. Customers associate the UNDER THE BED trademark with Sportsheets.

38. After Sportsheets began marketing and selling its adult novelty products under the UNDER THE BED trademark, Defendants began offering and selling an identical adult novelty product under the Infringing Mark, UNDER THE BED RESTRAINTS, without authorization from Sportsheets.

39. With full knowledge of Sportsheets' rights in the UNDER THE BED trademark, Defendants have used and continue to use a confusingly similar trademark in connection with an identical product with the deliberate purpose of obtaining the benefit of the goodwill and reputation of Sportsheets.

40. Defendants' acts described herein are likely to, and are intended to, confuse and deceive the public as to origin, sponsorship, or approval of Defendants' products by Sportsheets.

41. Defendants' actions constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7.

42. Because Defendants had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED trademark before Defendants began using the Infringing Mark, Defendants are willfully engaged in common law trademark infringement in violation of Illinois common law.

43. As a result of Defendants' willful conduct, Sportsheets is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendants' conduct, Sportsheets will continue to suffer irreparable harm.

## COUNT V

## VIOLATION OF ILLINOIS COMMON LAW

44. Plaintiff realleges and incorporates herein paragraphs 1 through 43 of this Complaint.

45. Since 2005, Sportsheets has provided adult novelty products throughout the United States and in the State of Illinois under the UNDER THE BED trademark. The UNDER THE BED trademark is distinctive, has acquired secondary meaning, and denotes Sportsheets as the origin of the goods sold under that trademark. Customers associate the UNDER THE BED trademark with Sportsheets.

46. After Sportsheets began marketing and selling its adult novelty products under the UNDER THE BED trademark, Defendants began offering and selling an identical adult novelty product under the Infringing Mark, UNDER THE BED RESTRAINTS, without authorization from Sportsheets.

47. Defendants' acts described herein constitute trademark infringement and unfair competition in violation of Illinois common law as Defendants have used in commerce the Infringing Mark, which is a false designation of origin which is likely to cause confusion,

mistake, or deception as to the affiliation, connection, or association of Defendants with Sportsheets, or as to the origin, sponsorship, or approval of Defendants' products by Sportsheets.

48. Defendants' unauthorized conduct also has deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its adult novelty products offered in connection with its UNDER THE BED trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendants, over whom Sportsheets has no control.

49. Because Defendants had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED trademark before Defendants began using the Infringing Mark, Defendants are willfully engaged in common law trademark infringement in violation of Illinois common law.

50. As a result of Defendants' conduct, Sportsheets is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendants' conduct, Sportsheets will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment in its favor and against Defendants as follows:

A. Declaring that Defendants have willfully infringed Sportsheets' UNDER THE BED trademark and have willfully engaged in deceptive trade practices and unfair competition;

B. Preliminarily and permanently enjoining and restraining Defendants, and Luxurious Bliss' parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents, and distributors, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

  (1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any mark, trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the Infringing Mark or any other marks confusingly similar to Sportsheets' UNDER THE BED trademark, or which include UNDER THE BED or UNDER BED; or

  (2) doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with Sportsheets' business, or that is likely to injure or damage Sportsheets' UNDER THE BED trademark or business; and

C. Requiring that Defendants:

  (1) reimburse Sportsheets for all damages it has suffered due to Defendants' acts complained of herein;

  (2) pay to Sportsheets exemplary and/or enhanced damages;

  (3) deliver to Sportsheets' counsel for destruction all products and packaging bearing the Infringing Mark that have not been sold that are in their possession or control within twenty (20) days of the entry of the Order; and

  (4) reimburse Sportsheets the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D. Awarding Sportsheets such other and further relief as this Court deems equitable.

Dated: July 18, 2019               Respectfully Submitted,

                                   By:   <u>s/ James P. Muraff</u>
                                         One of the Attorneys for Plaintiff,
                                         TJ Creative, Inc. (d/b/a Sportsheets
                                         International, Inc.)


James P. Muraff, Esq.
Kevin C. May, Esq.
Kara C. Smith, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

29554250.1